# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND JAMES SASSAMAN,** | : |
| | : |
| **Plaintiff,** | : |
| | : CIVIL NO. 3:CV-07-0382 |
| v. | : |
| | : (JUDGE VANASKIE) |
| **MIFFLIN COUNTY CORRECTIONAL** | : |
| **FACILITY STAFF, ET AL.,** | : |
| | : |
| **Defendants.** | : |

# M E M O R A N D U M

**I.        Introduction.**

Raymond James Sassaman, an inmate confined at the Mifflin County Prison, Lewistown, Pennsylvania, filed this civil rights action pro se, alleging that prison officials failed to protect him from attack by another prisoner. He names the following Mifflin County Prison staff as Defendants: Warden Zook, Correctional Officer ("CO") Weaver, CO Reik, Lt. Kearns, CO Bigler, CO Benny and CO/LPN Ingrim. Along with his complaint he filed an application to proceed in forma pauperis. (Dkt. Entry 2.)

The case is presently before me for preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Plaintiff's claims against the named defendants will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a

claim. Plaintiff will be required to file an amended complaint within twenty (20) days of the date of the accompanying Order or his complaint will be dismissed without prejudice.

**II.        Background.**

In his complaint, Sassaman alleges that on January 10, 2007, he was housed in the prison's Restricted Housing Unit ("RHU"). At approximately 12:30 p.m., CO Weaver, CO Reik, and another unidentified correctional officer were working inside the RHU's control unit. These officers "negligently released" the cell door of Allen Frazier, a fellow RHU inmate. Frazier left his cell and suddenly attacked Sassaman, who was standing in the doorway of his cell.

After prison staff took control of the situation, CO Benny told Sassaman to go to his cell. Plaintiff was then taken to the facility's nurse, CO/LPN Ingrim. Nurse Ingrim cleaned Sassaman's bloody face and nose and gave him an ice pack. Plaintiff was then taken to the Lieutenant's office and questioned by Lt. Kearns and Warden Zook regarding the incident. When asked whether he wished to press criminal charges against inmate Frazier, Sassaman replied "yes". Polaroid photographs were take of Plaintiff's facial injuries. Sassaman was then taken to a booking cell where he remained until approximately 2:30 a.m., when he was transferred to another unit. Sassaman reports that since the incident he has visited the medical unit for "eye damage and pain." Plaintiff reports to have suffered bodily injury and mental suffering as a result of the defendants' "negligence." Plaintiff claims inmate Frazier was

-2-

"already prone to assaulting other inmates."

### III.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." This statutory requirement calls for application of the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, in reviewing the legal sufficiency of Plaintiff's complaint, the truth of his factual allegations is accepted, Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006), and the dispositive question is whether "under any reasonable reading of the pleadings, [Plaintiff] may be entitled to relief." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). *Pro se* pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or

laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). See also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(citing Rode). Liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Rode, 845 F.2d at 1207-08; see also Baraka v. McGreevey, No. 05-2361, 2007 WL 215862, *15 (3d Cir. March 21, 2007)(citing Sutton). Thus, "supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." Capone v. Marinelli, 868 F.2d 102, 106 n.7 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)).

**III.     Discussion.**

The Eighth Amendment obligates prison officials to "take reasonable steps "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). A prison official may be held liable under the Eighth Amendment where a prison official knew that an inmate "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." Id. at 847. To establish that prison officials violated the Eighth Amendment by failing to prevent harm, an inmate must satisfy a two-pronged test. Id. An inmate must show (1) that the prison conditions posed a substantial

-4-

risk of serious harm, and (2) that prison officials were deliberately indifferent to the inmate's safety. Id. at 834. Prison officials exhibit deliberate indifference when they know of, and disregard, an excessive risk to the inmate's safety; mere negligence will not suffice. Id. at 835. Negligence, or a lack of due care under the circumstances, is insufficient to support a claim that Defendants failed to protect Plaintiff. Davidson v. Cannon, 474 U.S. 344, 347 (1986). To constitute deliberate indifference as defined in Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

As pled, the facts of Sassaman's present Complaint fail to assert an Eighth Amendment failure to protect claim against any of the named defendants. Initially, Plaintiff only alleges that CO Weaver, CO Riek, and an unnamed corrections officers were in the control unit when someone "negligently released" Frazier from his cell. Mere negligence, without more, is insufficient to assert an Eighth Amendment failure to protect claim. In order to present a viable Eighth Amendment claim of cruel and unusual punishment, Plaintiff must allege that each prison official knew Frazier presented a substantial risk to his safety and that they deliberately disregarded that risk. Sassaman's current allegations against CO Weaver, CO Riek, and some unnamed officer fail to state an Eighth Amendment claim, and thus, are subject to dismissal.

Plaintiff's claim against CO Bilger is also subject to dismissal due to Sassaman's failure to allege any personal involvement of CO Bilger in the events set forth in the Complaint.

Although identified as a Defendant, CO Bilger is not mentioned anywhere in the Statement of the Claim of the Complaint. (See Dkt. Entry 1, Complaint, IV. Statement of Claim.) Thus, Plaintiff's claims against CO Bilger are subject to dismissal due to Plaintiff's failure to allege CO Bilger's personal involvement in the alleged violation of constitutional rights.

Likewise, Plaintiff's allegations against Lt. Kearns, CO Benny, CO/LPN Ingrim, and Warden Zook also fail to state a claim for which relief can be granted. Sassaman's allegations against these defendants are limited to their involvement with him after his altercation with Frazier. The allegations against these Defendants do not suggest that any of them were aware of any imminent threat Frazier presented to Plaintiff or that they purposely disregarded that risk of harm. All of the averments involving these defendants relate to events occurring after the assault. Furthermore, as noted above, liability cannot be based on a Defendant's supervisory position alone. None of these defendants is alleged to have personal involvement in the events that led to Plaintiff's injuries. Thus, Plaintiff's failure to protect claim against these defendants will be dismissed without prejudice.

Indeed, Plaintiff fails to state a claim for which relief can be granted against any of the named defendants. Consequently, the Complaint, in its entirety, is subject to dismissal.

It may be, however, that Sassaman can allege a viable Eighth Amendment failure-to-protect claim. Accordingly, Plaintiff will be permitted an opportunity to amend his complaint to cure the deficiencies in pleading his Eighth Amendment claim. If Plaintiff chooses

to file an amended complaint regarding this event, he must be mindful of the personal-involvement requirement and allege facts that would indicate that each named defendant knew that Plaintiff confronted a substantial risk of serious harm at the hands of Frazier and deliberately disregarded that risk by failing to take reasonable measures to abate it.  Plaintiff should be specific as to the date, time and description of the relevant factual events which demonstrate each defendant's alleged involvement in the violation of his Eighth Amendment rights.

Sassaman will be granted twenty days to submit an amended complaint.  He is advised that the amended complete must be a separate pleading and be complete in all respects.  "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Failure to file an appropriate amended complaint will result in the dismissal of this action for failure to state a claim.

                     **s/ Thomas I. Vanaskie**
                     Thomas I. Vanaskie
                     United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

**RAYMOND JAMES SASSAMAN,**  :
:
      **Plaintiff,** :
: CIVIL NO. 3:CV-07-0382
      v. :
: **(JUDGE VANASKIE)**
**MIFFLIN COUNTY CORRECTIONAL** :
**FACILITY STAFF, ET AL.,** :
:
      **Defendants.** :

# O R D E R

**AND NOW**, this 17th day of April, 2007, for the reasons set forth in the accompanying memorandum, **IT IS ORDERED THAT**:

1. The motion to proceed in forma pauperis (Dkt. Entry 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

2. Within twenty (20) days of the date of this Order, Sassaman may file an amended complaint setting forth his Eighth Amendment failure-to-protect claim..

3. The Clerk of Court is directed to send Sassaman two (2) copies of this court's form civil-rights complaint, which Plaintiff should use in filing his amended complaint.

4.  Plaintiff's failure to comply with this order will result in the dismissal of this action with prejudice.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge